IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDUARDO HIGALGO VELEZ and ELISA VELEZ (RIP), represented by their heir EDUARDO HIDALGO, CANDIDA URRUTIA, ESQ., and FEDERICO BASORA, ESQ., and the community property partnership comprised by both; ANA I. LOPEZ, ROSA M. LOPEZ-VELEZ, and JOSE M. BORRAGEROS-LEZAMA, by themselves and in representation of the community property partnership, and VICTOR M. CORTES-HERNANDEZ, ESQ., VIOLETA CORDERO-YULFO, MANUEL O. LOPEZ BADILLO and VIVIAN FERRER, by themselves and in representation of the community property partnership, ROSA BARBERO DE ETJEN, ELSA FRET-VALES, MARIA DEL C. SANCHEZ-BAÑO, MUSIC EXPRESS LIGHT, INC. EDUARDO AVILES AND ELIZABETH MARTINEZ and the community property  partnership, ENRIQUE NUÑEZ and ABBIE SCHMIDT, MANUEL GONZALEZ and NORA GONZALEZ and the community property partnership, MARIA D. USCINOWICZ, by herself and in representation of PETER USCINOWICZ (RIP), FRANK SAN FILIPPO (RIP), TRALL SANJURJO, ALMA RODRIGUEZ CRIMAVI, INC. , and in representation of all those shareholders in a similar situation and derivatively on the part of PUERTO RICO & GLOBAL INCOME TARGET MATURITY FUND, INC.<br><br>      Plaintiffs<br><br>      vs.<br><br>SAN JUAN ASSET MANAGEMENT, INC. BBVA SECURITIES OF PUERTO RICO, INC.; PRICEWATERHOUSE COOPERS LLP, AMAURY LUIS RIVERA, PEDRO RIVERA CASIANO; EYCK LUGO-RIVERA, RAFAEL COLON-ASCAR; FELIX GONZALEZ; JOSE VIZCARRONDO- | Civil No.  11-02175 (FAB)<br><br>Re:<br><br>Sworn Shareholders Derivative Class Action Suit for Violations of the Fiduciary Duties of Directors under the Puerto Rico Corporations Act and the Puerto Rico Investment Company Act of 1954, as amended (Investment Company Act) Violations of the Investment Company Act, Violation of the Puerto Rico and United States Securities Acts, Breach of Contract, and Others<br><br>CIVIL NO. KAG2011-1252 (504) Before the Commonwealth of Puerto Rico, Court of First Instance, San Juan Part |

RAMIREZ DE ARELLANO, JOHN DOE 100; AND COMPANY ABC, through COMPANY XYZ,

        Defendants

PUERTO RICO & GLOBAL INCOME TARGET MATURITY FUND, INC.

        Nominal Defendant

## MOTION FOR REMAND
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

TO THE HONORABLE COURT:

    COME NOW, plaintiffs, through their undersigned legal representation, and respectfully allege and pray:

## MOTION

Plaintiff moves this Honorable Court for an order remanding the above-captioned action to the Tribunal de Primera Instancia, Sala Superior de San Juan on the ground that the above-captioned action has not at any time involved a claim or right arising under the Constitution, treaties, or laws of the United States, contrary to the allegations of Defendants BBVA Securities of Puerto Rico, Inc, ("BBVA Securities") and Pricewaterhouse Coopers LLP ("PWC"), as set forth in the notice of removal of the action; nor is there any other basis for this Court's jurisdiction of the above-entitled action, since plaintiff's cause of action against Defendants arises solely under Puerto Rico law, namely, the Puerto Rico Investment Companies Act of 1954, as amended (10 P.R. Laws Ann. §§ 661 *et seq.*), the Puerto Rico General Corporations Law and the Puerto Rico Civil Code, as construed and applied by the courts of the Commonwealth of Puerto Rico.

## MEMORANDUM OF LAW

*Introduction*

Defendants BBVA Securities and PWC have removed this case from state court based on the unsupportable contention that plaintiffs' action is a securities fraud class action precluded by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 78bb, *et seq.*

In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 77z-1, 78u. The PSLRA was adopted to curb "perceived abuses of the class-action vehicle in litigation involving nationally traded securities ... and put limits on federal securities class actions" brought pursuant to § 10(b) of the Securities and Exchange Act of 1934 and its implementing regulation, Rule 10(b)(5). *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 (2006); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit* (*Dabit II*), 547 U.S. 71, 81-82 (2006). The Act was intended to prevent "meritless class actions that allege fraud in the sale of securities." *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122 (2d Cir. 2003). The PSLRA, *inter alia,* "limits recoverable damages and attorneys' fees, provides protections to corporations, mandates sanctions for frivolous lawsuits, and specifies heightened pleading requirements for actions brought pursuant to § 10(b) and Rule 10(b)(5)." *Ring v. Axa Financial, Inc.*, 483 F.3d 95, 97-98 (2d Cir. 2007); *see* 15 U.S.C. §§ 78u-4, 77z-1.

Litigants responded to the passage of the PSLRA by bringing class action securities fraud cases in state court based on state laws that did not contain restrictions analogous to those applicable under the PSLRA. In 1998, Congress acted to prevent circumvention of the

PLSRA's limitations on federal securities fraud class actions by enacting SLUSA.

Under SLUSA, Congress gave the federal courts exclusive jurisdiction over "covered class actions" alleging fraud in the sale of "covered securities" and mandated that such class actions be governed exclusively by federal law. SLUSA has a preclusion provision, 15 U.S.C. § 77bb(f)(1), and a removal provision, 15 U.S.C. § 78bb(f)(2).

SLUSA was enacted to prevent litigants from using state laws to circumvent the heightened pleading, proof and procedural requirements imposed on securities fraud class actions brought pursuant to § 10(b) of the Securities Exchange Act of 1934 and its implementing Rule 10(b)(5). *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 (2006); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit (Dabit II)*, 547 U.S. 71, 81-82 (2006). SLUSA bars class actions brought under state law involving claims of securities fraud in the purchase of nationally-traded securities. *Id.*

Plaintiffs' Complaint sets forth state-law claims against members of the board of directors of the Fund for breach of their fiduciary duties to its shareholders under Puerto Rico law, derivatively against the sales agent and the investment adviser for breach of contract and derivatively against the independent auditor for breach of the PRICA. Plaintiffs make no claim that the defendants engaged or participated in the sale or purchase of nationally-traded securities. There is nothing in plaintiffs' Complaint that would support a federal securities fraud action, nor any basis on which plaintiffs' state-law claims could have been brought under federal securities law. SLUSA is inapplicable to plaintiffs' claims, and this Court, thus, lacks subject matter jurisdiction over this action. *Ring v. Axa Financial, Inc.*, 483 F.3d 95, 98 (2d Cir. 2007) ("a lawsuit that does not satisfy all the SLUSA criteria must be remanded to state court").

Plaintiffs have now moved to remand this action to the Tribunal de Primera Instancia, Sala Superior de San Juan, where it was originally brought and where it properly belongs. Plaintiff submits this Memorandum in support of their Motion to Remand.

*Removal in General*

A removed case must be remanded if "the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Federal courts possess only that power prescribed by the U.S. Constitution or the Congress of the United States, "which is not to be expanded by judicial decree." *Kokkonen,* 511 U.S. at 377.

In enacting removal legislation, Congress intended to "restrict the jurisdiction of federal courts on removal;" therefore, removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1961). *See In re Waste Mgmt., Inc. Sec. Litig.,* 194 F. Supp. 2d 590, 592 (S.D. Tex. 2002) (finding removal statutes must be strictly construed and remanding to state court a case asserting solely Securities Act claims and that was removed purportedly pursuant to SLUSA); *Hammond v. Kunard,* 889 F. Supp. 1804 (C.D. Illinois 1994) at 1089 ("[T]he removal statute should be read narrowly and the courts should presume the plaintiff may choose his or her forum.") As a Circuit has acknowledged, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing," thus warranting narrow construction of removal statutes. *Burns v. Windsor Insurance,* 31 F.3d 1092, 1095 (11th Cir. 1994).

In accordance with this policy, Defendants bear the "heavy" burden of establishing federal jurisdiction to overcome the strong presumption against removal; *In re Waste Mgmt.,* 194 F. Supp. 2d at 592 (The party that removes an action to federal court bears the burden of

demonstrating the propriety of removal); *Hammond,* 889 F. Supp. at 1088 (same); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3739, at 424 (3d ed. 1998) (same). Moreover, if there is any doubt as to a defendant's ability to demonstrate that removal is proper, the action should be remanded. *Burns,* 31 F.3d at 1095 (observing that "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

Furthermore, when examining the propriety of removal, this Court must be guided by and cannot ignore the plain language of the statute. *See Arlia ex rel. Massey Energy Co. v. Blankenship,* 234 F. Supp. 2d 606, 612 (S.D. W. Va. 2002) (remanding case pursuant to plain language of SLUSA and observing that "the sole function of the courts is to enforce the statute according to its terms.") If Congress intends by statute to preempt specific claims, Congress can easily do so. *See Arlia,* 234 F. Supp. 2d at 611-14. *See also In re Waste Mgmt.,* 194 F. Supp. 2d at 596 (finding in connection with SLUSA "no express statement by Congress that it was modifying the traditional rule prohibiting removal of cases brought under the Securities Act. Congress could easily have made a statement in SLUSA expressly modifying this provision had it so intended."). Thus, where the plain language of the statute mandates remand, this Court should remand the action to state court.

*The Securities issued the Fund are not Covered Securities for purposes of SLUSA*

The case originating the present removal is a sworn shareholders derivative class action by several common stock shareholders (all residents of Puerto Rico) of the Puerto Rico & Global Income Target Maturity Fund, Inc. (the "Fund"), a corporation incorporated under the laws of Puerto Rico, for breach of fiduciary duties under the Puerto Rico Corporations Act and the Puerto Rico Investment Companies Act of 1954, as amended ("PRICA"),

violations of PRICA, breach of contract and others. According to the Prospectus issued by the Fund that is part of the Complaint, all the putative class shareholders are resident of Puerto Rico, the Fund common stock was issued solely to Puerto Rico residents, the Fund service providers (BBVA Securities, San Juan Asset Management, Inc., and PWC) rendered their services from offices located in Puerto Rico.

The Fund issued its common stock pursuant to a registration statement filed under the PRICA. The Fund common stock is exempt from the registration requirements of the Securities Act of 1933, as amended (the "Securities Act"), pursuant to the exemption provided in Section 3(a)(11) thereof.

Under Section 3(a)(11) of the Securities Act, the registration under Section 5 thereof is not required for "(a)ny security which is a part of an issue offered and sold only to persons resident within a single state or territory, where the issuer of such security is a person resident and doing business within, such State or Territory." For an offering of common stock by the Fund to be exempt under this section, the evidence must show that (1) the Fund was organized under the laws of Puerto Rico, (2) the Fund offered its common stock to Puerto Rico residents only and (3) the Fund was doing business in Puerto Rico.

The Fund is also exempt from the registration requirements of the Investment Company Act of 1940, as amended, pursuant to its Section 6(a)(1) [15 USCA § 80a-6(a)(1)], which reads as follows:

> **(a) Exemption of specified investment companies**
>
> The following investment companies are exempt from the provisions of this subchapter:
>
> > **(1)** Any company organized or otherwise created under the laws of and having its principal office and place of business in Puerto Rico, the Virgin Islands,

7

or any other possession of the United States; but such exemption shall terminate if any security of which such company is the issuer is offered for sale or sold after the effective date of this subchapter, by such company or an underwriter therefor, to a resident of any State other than the State in which such company is organized.

The Fund common stock is an illiquid security for which no organized market exists. Trading in the Fund common stock depends on the creation of a voluntary secondary market by the broker-dealers whose clients hold shares of common stock of the Fund. As such, the Fund common stock shares are not registered or traded in any national market.

*Removal pursuant to the Securities Litigation Uniform Standards Act*

The principal categories of "covered security" are defined at 15 U.S.C. § 77p(f)(3) and 15 U.S.C. § 77r(b)(1) to include nationally traded securities and securities issued by registered investment companies. A "covered security" is "one traded nationally and listed on a regulated national exchange." *Kircher* at 637, *quoting Dabit II* at 83. SLUSA defines "covered security" as follows:

> The term "covered security" means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 U.S.C.A. § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under the Securities Act of 1933 [15 U.S.C.A. § 77a et seq.] pursuant to rules issued by the Commission under section 4(2) of that Act [15 U.S.C.A. § 77d(2)].

Section 18(b) of the Securities Act of 1933 [15 U.S.C.A. § 77r(b)] reads as follows:

**(b) Covered securities**

For purposes of this section, the following are covered securities:

**(1) Exclusive Federal registration of nationally traded securities**

A security is a covered security if such security is--

(A) listed, or authorized for listing, on the New York Stock

>Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);

>**(B)** listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or

>**(C)** a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).

>**(2) Exclusive Federal registration of investment companies**

>>A security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940 [15 U.S.C.A. § 80a-1 et seq.].

A plain reading of the Fund Prospectus used in connection with the sale of its common stock reveals that under no set of facts, the Fund's common stock can be categorized as a "covered security" under SLUSA.

Finally, the term "covered security" refers to the securities issued by the Fund, irrespective of whether the securities held in the Fund's investment portfolios are covered securities or not. See *Pension Committee v. Banc of America Securities*, 750 F.Supp.2d 450 (S.D. New York 2010) ("The question presented here is whether SLUSA preemption applies where plaintiffs purchased, sold, or held shares in hedge funds that are not covered securities under SLUSA but that maintain a portfolio that includes covered securities. For the reasons stated below, I conclude that SLUSA does not require preemption in such a scenario. To hold otherwise would extend the reach of SLUSA to any investment vehicle with covered

securities in its portfolio.")

*All SLUSA's statutory requirements must by satisfied in order to have subject matter jurisdiction*

All of SLUSA's statutory requirements must satisfied in order for a federal court to have subject matter jurisdiction over a state court lawsuit. "If a state-law class action falls within all of the SLUSA criteria, the defendant may remove it to federal district court and the district court must dismiss. 15 U.S.C. § 78bb(f)(2). However, a lawsuit that does not satisfy all the SLUSA criteria must be remanded to state court. *Id.* § 78bb(f)(3)(D)." SLUSA has its own remand provision, 15 U.S.C. § 78bb(f)(3)(D), that requires remand to state court where SLUSA is found to be inapplicable. *Id.*

Defendants are *only* entitled to dismissal of Plaintiffs' state law claims if Defendants are able to conclusively demonstrate that all four of the following elements are met:

(1) the action is a "covered class action" under SLUSA; and

(2) plaintiff's claims are based on state law; and

(3) the defendant misrepresented or omitted a material fact; and

(4) "in connection with the purchase or sale of a 'covered security.' "

15 U.S.C.A. § 78p (b) (1) and (2). However, despite recognizing the requirement that all elements must be met, Defendants have failed to carry its burden in proving each element.

If Defendants fail to show that any of the requirements is not met, as is the case here, then SLUSA is *not* applicable, Plaintiffs' state law claims are *not* preempted, and Plaintiffs' Complaint must be remanded to state court. In *Spielman v. Merrill Lynch,* 332 F.3d 116 (2nd

Cir. 2003), the Court found that SLUSA did *not* preempt the plaintiff's claims. Upon this finding, the Court found that removal was improper and that the federal court "lacked subject matter jurisdiction to further entertain the action," and under the general remand statute and under SLUSA's remand provision, the court was required to remand the removed action back to the originating state court. *Id.* Remand is similarly required for Plaintiffs' Complaint.

A "covered class action" is defined under the statute as a lawsuit brought on a representative basis on behalf of similarly-situated parties or seeking damages for 50 or more persons or prospective class members. 15 U.S.C. § 77bb(f)(5)(B)(i)(I) & (II). An individual claim (or group of claims involving fewer than 50 people) is not covered by the Act and is not subject to removal or preclusion. *Kircher* at 636 n. 1 ("The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist."); *Dabit II at* 87; *In re Lord Abbett Mutual Funds Fee Litigation,* 553 F.3d 248, 251 (3d Cir. 2009) ("Plaintiffs retain the right to bring such a claim as an individual state-law claim.").

The propriety of removal and preclusion based on SLUSA is determined on a "claim-by-claim" basis. *Dabit v. Merrill Lynch, Pierce, Fenner & Smith Inc. ["Dabit I"],* 395 F.3d 25, 47, 50 (2d Cir. 2005) (dismissing precluded claims and directing remand of claims not subject to SLUSA), *reversed as to other points,* 547 U.S. 71 (2006); *La Sala v. Bank of Cyprus,* 510 F. Supp. 2d 246, 273 n. 10 (S.D.N.Y. 2007) (SLUSA preclusion requires claim-by-claim analysis); *In re Salomon Smith Barney Mutual Funds Fee Litigation,* 528 F. Supp. 2d 332, 334 n. 3 (S.D.N.Y. 2007) (same).

Thus, state law claims in a lawsuit that fall within SLUSA are precluded and subject to dismissal; state law claims in the lawsuit that are not covered by SLUSA are not precluded

and must be remanded to state court. *Dabit I* at 47, 50 (affirming dismissal of a portion of plaintiff's claims as precluded under SLUSA and reversing the dismissal of other portions of plaintiff's claims which were not precluded "with instructions to the district court to grant [plaintiffs] motion for remand"); *LaSala* at 273 n. 10.

*This Court Should Award Plaintiffs their Fees and Costs*

This Court may properly award attorneys' fees and costs incurred in connection with Defendants' improper removal under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, such an award is appropriate because Defendants' Notice is on its face devoid of any proper basis for removal. The Notice fails entirely to address the SLUSA requirement that the claims be based upon state statutory or common law. Plaintiffs carefully pleaded their claims to preserve their right to pursue this case in local court. In these circumstances, it would be unfair to require Plaintiffs to bear the fees and costs incurred in responding to Defendants' improper removal.

*Conclusion*

Plaintiff's motion for remand should be granted because Defendants have: 1) failed to prove all the elements for the application of SLUSA preemption, and 2) offered no other grounds to support federal subject matter jurisdiction over Plaintiff's Puerto Rico law causes of action.

WHEREFORE, plaintiffs' respectfully request that the motion for remand be granted.
Respectfully submitted.
In San Juan, Puerto Rico, this 16th day of December 2011.

I hereby testify that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which itself will send notifications to all counsel of record

*s/ Jorge M. Izquierdo San Miguel*
USDC No. 209312
**IZQUIERDO-SAN MIGUEL LAW OFFICE, P.S.C.**
261 Tanca St., 6th Floor
San Juan, PR 00901
Tel:  787-723-7767 / 725-4599
Fax:  787-723-6964
jizquierdo@izquierdosanmiguel.com