IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDUARDO HIDALGO-VELEZ; ELISA VELEZ (R.I.P.), represented by her heir EDUARDO HIDALDO; CANDIDA URRUTIA, ESQ., FEDERICO BASORA, ESQ., and their conjugal partnership; ANA L. LOPEZ, ROSA M. LOPEZ-VELEZ, JOSE M. BORRAGEROS, MARIA M. LEZAMA and JOSE BORRAGEROS-LEZAMA, on their own and on behalf of the community of assets and the conjugal partnership; VICTOR M. CORTES-HERNANDEZ, ESQ., VIOLETA CORDERO-YULFO, MANUEL O. LOPEZ-RODRIGUEZ, MANUEL LOPEZ-BADILLO and VIVIAN FERRER, on their own and on behalf of their conjugal partnership; ROSA BARBERO DE ETJEN, ELSA UFRET-VALES, MARIA DEL C. SANCHEZ-BAÑO; MUSIQUE EXPRESS LIGHT, INC./EDUARDO AVILES, ELIZABETH MARTINEZ and their conjugal partnership; ENRIQUE NUÑEZ and ABBIE SCHMIDT; MANUEL GONZALEZ, NORA GONZALEZ and their conjugal partnership; MARIA D. USCINOWICZ, on her own and on behalf of PETER USCINOWICZ (R.I.P.); FRANK SAN FILIPPO, on behalf of FRANK SAN FILIPPO (R.I.P.); TRALL SANJURJO, ALMA RODRIGUEZ and CRIMAVI, INC., on behalf of all those shareholders in a similar situation and derivatively on behalf of PUERTO RICO & GLOBAL INCOME TARGET MATURITY FUND, INC. | CIVIL 11-2175CCC |
| Plaintiffs | |
| vs | |
| SAN JUAN ASSET MANAGEMENT, INC.; BBVA SECURITIES OF PUERTO RICO INC.; PRICEWATERHOUSE COOPERS LLP; AMAURY LUIS RIVERA; PEDRO RIVERA-CASIANO; EYCK LUGO-RIVERA; RAFAEL COLON-ASCAR; FELIX GONZALEZ; JOSE VIZCARRONDO-RAMIREZ DE ARELLANO; JOHN DOE 1 to JOHN DOE 100; COMPANY ABC to COMPANY XYZ | |
| Defendants | |

CIVIL 11-2175CCC                                              2

vs

PUERTO RICO & GLOBAL INCOME
TARGET MATURITY FUND, INC.

Nominal Defendant

**OPINION AND ORDER**

Plaintiffs filed this class action and derivative suit against the directors and officers of the Puerto Rico Global Income Target Maturity Fund Inc. (the "Fund"), San Juan Asset Management, Inc. as the Fund's investment adviser, BBVA Securities Puerto Rico, Inc. ("BBVA Securities") as its sales agent, PricewaterhouseCoopers LLP ("PwC") as its outside auditor, and various John Does, based on allegedly fraudulent disclosures and omissions contained in the prospectus on which the plaintiffs relied in purchasing shares of the Fund.

On December 7, 2011, PwC removed the action to this Court asserting that it falls within the removal provision of the Securities Litigation Uniform Standards Act, Pub. L. No. 105-353, 112 Stat. 3227 ("SLUSA"). On December 16, 2011, plaintiffs moved for it to be remanded to the Commonwealth court (**docket entry 29**). PwC and BBVA Securities filed separate oppositions (docket entries 41 and 48). Having considered these motions, and for the reasons stated herein, plaintiffs' motion for remand is hereby DENIED.

**I.     ANALYSIS**

SLUSA precludes litigants from bringing a "covered class action" in state court alleging fraud in connection with the purchase or sale of a "covered security." 15 U.S.C. § 78bb(f)(1). Removal is proper under SLUSA when the suit: "(1) is a 'covered' class action, (2) based on state statutory or common law that (3) alleges that defendants made a 'misrepresentation or omission of a material fact' or 'used or employed any manipulative device or contrivance in connection with the purchase or sale' [ ] of a covered security." Romano v. Kazacos, 609 F.3d 512, 518 (2d Cir. 2010). If all elements are met, federal

CIVIL 11-2175CCC                                                  3

courts have jurisdiction.   15 U.S.C. § 78bb(f)(1); Segal v. Fifth Third Bank, N.A., 581 F.3d 305, 312 (6th Cir. 2009); U.S. Mortg., Inc. v. Saxton, 494 F.3d 833, 841 (9th Cir. 2007).

     Here, there is no question that two of SLUSA's prongs are clearly met.  Plaintiffs filed their case as a class action estimated to include "hundreds of members" (docket entry 1-2, ¶¶ 110-11), and alleged violations of the Puerto Rico Investment Companies Act of 1954, as amended (10 P.R. Laws Ann. §§ 661 et seq.), the Puerto Rico General Corporations Law (14 P.R. Laws Ann. §§ 3501 et seq.) and the Puerto Rico Civil Code. (docket entry 1-2, ¶¶ 114; docket entry 29 at 2, 4, 6-7, 12).

     Plaintiffs do not deny having alleged in their complaint that defendants misrepresented and omitted material information about the Fund's investment objectives, level of diversification and anticipated investments.  They, however, challenge the removal by arguing that the Fund's common stock is not a "covered security" under SLUSA (docket entry 29, at 9).  The Court is not convinced.

     SLUSA defines a "covered security" as any security:

     (A)   listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);

     (B)   listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or

     (C)   a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).

CIVIL 11-2175CCC                                           4

**15 U.S.C. § 77r(b)(1)**

A vast majority of courts have held that SLUSA applies to cases brought by investors of a fund that invests, or represents that it will invest, in a covered security, even when the shares of the fund in which the class invested are not covered securities.  See Romano v. Kazacos, 609 F.3d at 524; Newman v. Family Management Corp., 748 F. Supp. 2d 299, 302-07 (S.D.N.Y. Oct. 20, 2010); In re Beacon Associates Litigation, 745 F. Supp. 2d 386, 430 (S.D.N.Y. 2010); Merkin v. Gabriel Capital, L.P., 2011 U.S. Dist. LEXIS 112931 at *13, *38-40 (S.D.N.Y. Sept. 23, 2011); In re Herald, Primeo, & Thema Sec. Litig., 2011 U.S. Dist. LEXIS 137773, at *35 (S.D.N.Y. Nov. 29, 2011); In re Kingate Mgmt. Ltd. Litig., 2011 U.S. Dist. LEXIS 41598, at *6-9 (S.D.N.Y. Mar. 30, 2011); Wolf Living Trust v. FM Multi-Strategy Inv. Fund, LP, 2010 U.S. Dist. LEXIS 118169, at *3 (S.D.N.Y. Nov. 2, 2010); Backus v. Conn. Cmty. Bank, N.A., 789 F. Supp. 2d 293 (D. Conn. 2009); Levinson v. PSCC Servs., Inc., 2009 U.S. Dist. LEXIS 119957, at *1, *9 (D. Conn. Dec. 23, 2009).

These cases are consistent with the Supreme Court's construction of SLUSA. The Supreme Court has held that SLUSA's "in connection with" language is to be "interpreted broadly" and that under the Court's precedent the requisite is satisfied when the alleged fraudulent scheme "coincides" with a securities transaction.  Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 85 (2006); SEC v. Zandford, 535 U.S. 813, 821-22 (2002).  See also Siepel v. Bank of Am., N.A., 526 F.3d 1122, 1127 (8th Cir. 2008); Fisher v. Kanas, 487 F. Supp. 2d 270, 277 (E.D.N.Y. 2007) (SLUSA "has been interpreted broadly by the Supreme Court in Dabit to include any misrepresentation touching upon the purchase or sale of securities"), aff'd 288 F. App'x 721 (2d Cir. 2008).

A plain reading of the Fund's Prospectus reveals that the Fund's anticipated investments included various covered securities. (docket entry 1-3, at 1, 14, 16, 17, 19) Therefore, the third SLUSA prong is also met.

CIVIL 11-2175CCC                                   5

Moreover, the September 30, 2008 Financial Statements attached by PwC to its Notice of Removal show that the Fund purchased 247,266 shares of Banco Popular Inc. Preferred Stock Series A and 800,000 shares of Banco Popular Inc. Series B. (docket entry 1-4, at 2)  Banco Popular's 2008 10-K, which PwC also attached to the Notice of Removal, establishes that both securities were publicly traded on NASDAQ. (docket entry 1-5).  The referenced stocks clearly constitute covered securities under SLUSA. 15 U.S.C. § 77r(b)(1)(A).  Therefore, we find that the Fund did purchase and held covered securities in the form of its Banco Popular Investment, and the complaint alleges misrepresentations and omissions in connection with its anticipated and actual investments in publicly traded securities.

Removal of the entire action was proper because SLUSA precludes actions; not just claims.  See 15 U.S.C. § 78bb(f)(1) ("No covered class action based upon the statutory or common law of any State . . . may be maintained . . .") (emphasis added).  Based on this statutory language, many courts have rejected the claim-by-claim analysis advanced by Plaintiffs. Siepel v. Bank of Am., N.A., 239 F.R.D. 558, 571 (E.D. Mo. 2006) (dismissing the entire action), aff'd  526 F.3d 1122 (8th Cir. 2008); Superior Partners v. Chang, 471 F. Supp. 2d 750, 757-58 (S.D. Tex. 2007); Schnorr v. Schubert, 2005 U.S. Dist. LEXIS 45757, at *25 (W.D. Okla. Aug. 18, 2005); G.F. Thomas Invs., L.P. v. Cleco Corp., 317 F. Supp. 2d 673, 685 (W.D. La. 2004).

## II.    CONCLUSION

Accordingly, because all statutory requirements for removal are present, the Court hereby DENIES plaintiffs' motion to remand (**docket entry 29**).

SO ORDERED.

At San Juan, Puerto Rico, on September 24, 2012.

                                                       S/CARMEN CONSUELO CEREZO
                                                       United States District Judge